and others. And Mr. Womack is present here in court. Are you ready to proceed? I am. Please do so. First of all, it's Womack. Look, I apologize. You're the first person that's ever made that mistake. Yeah, I think I followed somebody else. It was my fault. I apologize. I will claim this trial, Mr. Judge. There's nothing that you can say that could possibly offend me. This is a case that just, you know, I guess I'm here at Randy and Ray, and I hope we get a chance to review the records. The statute, I think, is vague. I think the statute is probably also unconstitutional. The facts of the case are, car crash case, this little girl, Amy Stanton, is a passenger in a car being driven by Marilyn Rea, Robert Grove, and she, Rea and Grove collide at the intersection. Grove's uninsured. Stanton's taken directly to the hospital and has injuries, etc. The case finally gets to trial. And a verdict is rendered. But the case is fought vigorously, defended vigorously all the way through. All the deposition had to be taken in the middle of the case. There was a lawsuit filed in Cook County by Ray's insurance creditor, claiming that Ray was cooperating with the defense in trying to borrow the coverage. The case had all kinds of expenses in it. And we ended up with a verdict that was reasonable for them. She was hurt. It could have been a bigger verdict, but she only had a subsequent accident. So the question becomes, how do you assess the liens after the verdict is done? Trial court did it based upon the Grove's amount. And the client ended up basically with nothing. And I don't think that can possibly be the intent of or the reasonable interpretation of that statute. The expenses, for example, for the orthopedist who treated her, his lien was $569.22. And his fee for his depo was $750.00. Wachter was one of the treaters as well. His depo was $500.00. Those are not high. That same group now charges $2,000.00 for orthopedics in a difference. Those are not high figures, but they were figures that were necessary for the case. There's no lien anybody has if I don't take Barr's deposition to prove that the accident caused the injuries and the care was necessary. And so for the law to not allow those costs to be deducted before you divide the fee, you're putting all the costs on the plaintiff, on the injured party, and none of it on the people that are shamed. And this is – I've handled cases where I've got verdicts larger than $14,000.00. This is not a big financial case for plaintiffs large. Not many lawyers would bother coming up here and wasting your time, hopefully not wasting your time, but arguing in this case. But this thing infuriates me, and this is what I see happening in our profession all the time. Vigorous defensive cases, forced to expend a lot of money to get the verdict, only to punish or penalize the people who discourage them from bringing a valid case. And this is a valid case. It goes straight from there. I mean, this is not a soft-tissue chiropractic case. It goes straight from there to the hospital. Clear-cut case. Now, all these expenses were required by the case. All these expenses are paid out. She pays me, pays the attorney fees, pays court costs, pays all that kind of stuff, and she ends up with hardly anything. And it's just not fair. The statute's got to be interpreted either as being one unconstitutional, because among the things – I didn't put this in my brief, but nobody can object from the other sides if they're not here. The statute provides that nobody but the lien holder may reduce the lien. And that's taking away your power, your equitable power and judicial power, to decide what should be done. Certainly, your equitable power is being taken or could be taken away here, and giving that power to apparently signing judicial powers to a doctor or a health care provider. And then secondly, it's vague. If the Act doesn't define what they mean by the verdict, judgment, or settlement of compromise, whether it's gross or net, it's just – mainly, it's unfair. People that get hurt in a car crash case ought to be compensated reasonably for their care. People that benefit from that should pay a reasonable amount or should share those expenses. And the statute is wrong. I'm done. Thank you. Thank you. You're distinguishing these from a classic common fund doctrine type of case. Yeah. I lost that battle in the Supreme Court. I think I lost it because I wore jeans with holes in my pockets. Sorry. The case, I think, is right over there. Yes. Yeah, I think it's difficult. I think this – I think we've lost that battle. The statute applies, but it can't be interpreted this way. It really is. I mean, I don't handle all these small cases anymore, thank goodness. But our office does. I handle this one because I love the way it was just outraged and violent. The lawsuit was violent. I couldn't count it. By the way, my founders were clear about judgment against this guy, claiming that she couldn't reach her, that she wouldn't cooperate with her attorney, that she wouldn't – that they couldn't reach her. They had to search all over the neighborhood to identify her. I found her 10 minutes. Sir, did her – scheduled her death to show that she was cooperating. But those are the costs that go into this kind of case and those younger lawyers handling these kind of cases. And that's fine, I guess, but it's not fair to the people that are out there. Because, I mean, I see you again in this capacity. Good luck with your next career. Good to see you. Thank you. Thank you very much for your argument. We'll try to get to a decision at the earliest possible date. There were two additional.